UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHARINA JONES, Individually, :
:
      Plaintiff, :
:
v. : Case No. 2:19-cv-11472
:
HG TROY, INC. :
A Domestic Corporation :
:
      Defendant. :
_____/ :

# COMPLAINT

Plaintiff, Sharina Jones (hereinafter "Plaintiff"), hereby sues the Defendant, HG Troy, Inc, a Domestic Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1. This action is brought by Sharina Jones pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of the Hilton Garden Inn.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

  b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

  c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Sharina Jones is a resident of Genesee County, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103

5. Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. Plaintiff Sharina Jones, a Gold Card Hilton member, has been to the Hilton Garden Inn, located at 200 Wilshire Drive, Troy, Michigan.

7. Plaintiff Sharina Jones was a patron at the Hilton Garden Inn on May 11, 2019.

8. Hilton Garden Inn is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9. Defendant owns, leases, leases to, or operates Hilton Garden Inn and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs one (1) through eleven (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff lives near the property, has visited the property which forms the basis of this lawsuit, has been back to the property since then, and has plans to return in August 2019 to avail herself of the goods and services offered to the public at the property.

12. Plaintiff was a patron of the hotel in December 2018 and was unable to utilize the pool due to an inoperable pool lift.

13. Plaintiff made a reservation to stay at the Defendant's hotel on May 11, 2019 in order to celebrate Mother's Day with her friends and family.

14. Plaintiff, prior to making the reservation, telephoned Defendant and specifically asked if the pool lift was operable. Defendant, remembering her from the last incident, assured her that it was in operating condition.

15. Upon arrival at the hotel, Plaintiff discovered that there was no battery in the jacuzzi pool lift, and the pool lift for the swimming pool was inoperable.

16. Defendant was unable to make either pool lift work.

17. Plaintiff was embarrassed and humiliated when her husband had to utilize a make-shift lift obtained from the gym so that Plaintiff could enter the pool.

18. There are numerous architectural barriers present at Hilton Garden Inn that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Hilton Garden Inn are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

19. Elements and spaces to which there are barriers to access at Hilton Garden Inn include, but are not necessarily limited to:

    a. Defendant fails to maintain a policy to keep their pool lift in working condition.

    b. Defendant fails to maintain a policy to keep their jacuzzi pool lift in working condition.

    c. Defendant fails to adequately inspect their pool lift equipment to ensure that it is in working condition.

    d. Defendant fails to adequately train and educate their employees regarding how to interact and deal with an individual who is disabled.

    e. Defendant fails to maintain a policy to educate and train their employees regarding the Americans with Disabilities Act.

20. The discriminatory violations described in paragraph 19 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits of Defendant's hotel and has been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

21. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's hotel, the opportunity to use such elements, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

22. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Sharina Jones has standing to require that all barriers to access on

the property for the mobility-impaired are corrected, not merely only those Sharina Jones personally encountered.

23. Defendants' failure to remove the architectural barriers identified in paragraph nineteen (19) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

24. It would be readily achievable for the Defendant to remove the architectural barriers identified above and to modify their policies of discrimination.

25. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

26. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

27. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

28. Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

29. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

30. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

33. Plaintiff realleges paragraphs one (1) through thirty-two (32) of this Complaint and incorporates them here as if set forth in full.

34. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

35. Plaintiff has desired and attempted to enjoy the goods and services at the property as a patron. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

36. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

37. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i.    by failing to bring Hilton Garden Inn into compliance with the Standards where it is readily achievable to do so;

        ii.    by failing to train and educate their employees in regards to the Americans with Disabilities Act;

        iv.    by failing to properly maintain and inspect the pool lift so that it is in operating condition; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

  C. Award damages to Sharina Jones who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

  D. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

  E. Order such other appropriate relief as the interests of justice may require.

           Respectfully Submitted,


           By: /s/ Pete M. Monismith
           Pete M. Monismith, Esq.
           3945 Forbes Ave., #175
           Pittsburgh, PA 15213
           Ph: 724-610-1881
           Fax: 412-258-1309
           Pete@monismithlaw.com
           MI Bar P78186